The State v. Baker.

---

THE STATE OF KANSAS v. CARL BAKER.

No. 15,925.    (97 Pac. 785.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Criminal Appeal—Record—Evidence—Instructions.* This court can not, on an appeal from the judgment of a district court in a criminal action, review any alleged trial errors when the transcript of the proceedings omits all of the evidence introduced, all rulings of the court thereon, and all the instructions of the court to the jury, given or requested.

2. ——— *Review of Evidence.* Where the district court has, upon a motion for a new trial, determined facts upon conflicting affidavits and oral testimony, this court will not undertake to weigh such evidence.

Appeal from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed October 10, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* assistant attorney-general, and *Thomas H. Kingsley,* county attorney, for The State; *F. M. Sheridan,* of counsel.

*S. J. Shively, W. L. Joyce,* and *E. J. Sheldon,* for appellant.

The opinion of the court was delivered by

SMITH, J.: On the third trial of this case in the district court of Miami county the appellant was convicted of the crime of murder in the second degree, and to reverse the judgment therein presents this appeal.

The record brought here discloses none of the evidence produced upon the trial except the examination of the jurors on their *voir dire.* It also contains the affidavits and oral testimony produced on the motion for a new trial. A showing is also made here of the financial inability of appellant to procure a transcript of the evidence and proceedings at the trial. If the appellant has been unjustly convicted, and is financially unable to present a transcript of the evidence and proceedings which would disclose this fact, he is entitled to sympathy. We can not, however, assume that he was unjustly convicted on his unsupported claim that such is the fact. We can only review the trial from the record thereof prescribed by the statutes for that purpose, and in the absence of such record we are powerless. Whether provision for such a case should be made is a question for the lawmakers, not for the court.

As to the alleged disqualification and misconduct of jurors, the examination in open court discloses no erroneous ruling of the court; and the evidence of statements by jurors made after the trial as to their preconceived opinions and to occurrences in the jury-room is, so far as inquiry is permissible, disputed. The court weighed the evidence and by its ruling on the motion for a new trial found adversely to appellant's contention. It is not our province to weigh conflicting evidence.

The judgment is affirmed.