Humphrey v. Flaherty.

No. 20,306.

GEORGE W. HUMPHREY, *Appellee*, v. M. E. FLAHERTY,
*Appellant.*

### SYLLABUS BY THE COURT.

1. CONTRACTS — *Breach* — *Building Contract* — *Default of Builder* — *Estoppel.* A builder can not avail himself of a provision in a contract providing for a penalty of a certain sum per day for the failure of a contractor to complete the work on the day fixed where the delay has been occasioned by his own acts and defaults.

2. SAME—*Building Contract—Partial Payments—Waiver.* A provision in a building contract that payments shall be made to the contractor as the work progresses and when it is completed upon certificates issued by an architect may be waived, and a finding by the trial court herein that the issuance of certificates provided for in the contract had been waived by the parties is upheld.

Appeal from Shawnee district court, division No. 1; AL-STON W. DANA, judge. Opinion filed July 8, 1916. Affirmed.

*James A. Troutman,* of Topeka, for the appellant.

*H. W. Euler, T. F. Garver,* and *R. D. Garver,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: George W. Humphrey brought this action against M. E. Flaherty to recover a balance due under a written contract by which the plaintiff was to receive $2500 for remodeling and constructing a house for the defendant and he recovered a judgment for $361.64 from which the defendant appeals.

In the contract, February 1, 1912, was named as the time for completing the building, and it was provided that the plaintiff should forfeit $5 per day for any delay in the completion after that date. It was also provided that payments should be due when certificates of the architect were issued. In his appeal the defendant insists that the trial court erred in not making any allowance for plaintiff's delay in the completion of the house, and he further insists that the plaintiff was not entitled to judgment because the work was not done according to the contract and certificates had not been given

Humphrey v. Flaherty.

by the architect.   The work was not completed until about two months after the time fixed in the contract for completion.   The plaintiff claimed that the penalty provision was waived by the defendant, who was placing a large boiler in the basement and the foundation walls had to be left open some time for that purpose, and also by requiring the doing of extra work such as the deepening of the cellar, the building of attic stairs, putting in attic windows and making window and door screens.   Another reason assigned for the delay was the extreme cold during a part of the winter while the work was going on which interfered with the building; but that is a contingency against which the plaintiff might have provided in his contract.   The testimony, however, is that the acts and defaults of the defendant mentioned occasioned delay.   It is well settled that if an owner by his own act and default prevents the contractor from performing the contract within the specified time the contractor can not be held liable under a penalty provision such as was contained in the contract in question.   His action or default in effect waives the penalty or rather estops him from claiming damages for which he is himself responsible. (*Ritchie v. City of Topeka,* 91 Kan. 615, 138 Pac. 618; Note, 17 Ann. Cas. 646.)   Upon this issue and the testimony produced the trial court found in favor of the plaintiff, and upon an appeal this finding must be deemed to be conclusive.

As to the question that no action would lie because the architect's certificates had not been issued, it is the contention of the plaintiff that this provision of the contract has also been waived.   The contract was for the rebuilding and extension of an old house, and while the contract was in the form ordinarily used by builders in new construction where an architect is employed to supervise the construction, it is in testimony that the parties never contemplated that the architect who made the plans should make estimates or issue certificates.   The architect called once shortly after the work was begun and looked at the building, but the defendant did not ask him to certify what was due under the contract.   On the contrary, the defendant made payments to the plaintiff from time to time without mention of estimates or certificates. Aside from the cursory look made by the architect a short time

after the work was begun the defendant did not ask the architect to look at the building again until more than two years after the work was completed. He moved into the house a little while after the time when it was turned over by the plaintiff and has since occupied it, and after the house was complete the defendant entered into a contract with the plaintiff for the erection of a barn on the premises. A provision for the architect's certificate and approval is one that may be waived, and the waiver may be implied from the acts of the owner. (*Hobart v. Beers*, 26 Kan. 329; 30 A. & E. Encycl. of L. 1246.)

Testimony was introduced to the effect that a small part of the work was imperfectly done, and upon this evidence the court in awarding judgment for the plaintiff credited the defendant with the sum of ten dollars. Under the circumstances the allowance of the credit can not be regarded as a finding that the contract had not been substantially performed by the plaintiff.

The judgment is affirmed.