No. 28,213.

THE STATE OF KANSAS, *Appellee*, v. J. F. HARRIS, *Appellant.*

(271 Pac. 316.)

Opinion filed November 3, 1928.

*Jerry E. Driscoll,* of Russell, *Walter L. Bullock,* of Dodge City, and *R. J. McMullen,* of Great Bend, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *E. C. Minner,* county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: In this action the defendant was convicted of assault with intent to kill, and in his appeal urges four reasons for reversal. The first of these is error of the trial court in refusing a change of venue on account of intense feeling and prejudice of the local people, aroused by the printing and publishing of an article in the local paper and another article in a paper having general circulation in the county where the case was pending, both calculated to arouse prejudice and bitterness toward the accused. The two published articles are attached to the affidavit of the defendant. One of them purports to be a statement of facts by an eyewitness who later testified at the trial, the other of the quarrel and injury, as well as the occurrences supposed to have led up to the injury. The articles appear to be narrations of occurrences said to have taken place. They do not express opinions nor appeal to the prejudice or passion of the people, yet appellant claims he should have had a change of venue because these articles were reflections.on the character of the defendant. Reflections on the character of an accused from newspaper statements of alleged events, without conclusions or opinions, even though the statements are false, are not usually grounds for a change of venue. Justice Brewer said in the case of *State v. Furbeck*, 29 Kan. 533, with reference to certain newspaper articles being the basis for a change of venue.

"We have examined these articles, and find in them nothing more than ordinary newspaper accounts of .an alleged crime, the arrest of the party charged, and the preliminary examination. They are simply records of matters of public interest, alleged to have taken place; they contain no denunciations, invectives, appeals to passion, or efforts to create a prejudice against the defendant. If they did create a prejudice, it is simply because the matters stated therein to have been done by the defendant are not popular with a community which believes in respecting the rights of property."

In the opinion in *State v. Welch*, 121 Kan. 369, 373, 247 Pac. 1053, it was said:

"Newspaper articles which reported results of police and other activity, and undertook to detail defendant's connection with the Howard robbery, were of the ordinary kind, and would not disqualify a juror whose impressions respecting defendant's guilt were derived from that source."

It appears from the record in this case that a jury was easily and quickly procured, and that appellant waived his last challenge. A change of venue should not be granted by the trial court unless it

appears to his satisfaction that on account of prejudice the defendant cannot have a fair and impartial trial. (*State v. Bassnett*, 80 Kan. 392, 102 Pac. 461.) The record does not present a very strong case of that kind.

The second specification of error is for refusal to grant a continuance because of the prevalence of the excitement and prejudice in the minds of the inhabitants at the time the case was called for trial, and because the stenographer had refused to furnish defendant with a copy of the evidence taken at the preliminary hearing. This matter is wholly within the discretion of the court and there is nothing here to indicate any abuse of that discretion. (*State v. Sweet*, 101 Kan. 746, 158 Pac. 1112; *State v. Waldron*, 118 Kan. 641, 236 Pac. 855; *State v. Carter*, 122 Kan. 524, 253 Pac. 551.)

The third ground for reversal urged by appellant is the failure of the trial court to set forth without request the theory of self-defense maintained by the defendant in the trial by reference to the facts shown in support of such defense. If the defendant had requested such instruction it would have been the duty of the court to have given it, but it is not necessary for the court in his instructions to enumerate or discuss the items of evidence which may tend to show the defendant was acting in self-defense unless requested. All that is necessary in such case is to set out and explain to the jury in general instructions the whole doctrine of self-defense and the way for it to apply them to the evidence. This he did, and therefore his failure to go further into details without request was not error.

"Where the general charge of the court fairly presents the case to the jury, a party who desires an instruction upon some particular question should request it, and cannot predicate error upon the omission if he has not done so." (*State v. Ross*, 77 Kan. 341, syl. ¶ 2, 94 Pac. 270. See, also, *State v. Wood*, 118 Kan. 58, 233 Pac. 1029.)

"In a murder case, where there is some evidence which tends to show a killing in self-defense, and that previous threats had been made by the deceased against the defendant, but the defendant makes no request for special instructions, and the court instructs the jury as to the burden of proof and in general terms as to the law of self-defense, it is not error to fail to expand the instructions on those subjects so as to apply them to the facts which the defendant claims the evidence shows." (*State v. Page*, 80 Kan. 389, syl., 102 Pac. 780.)

The appellant strongly relies upon the fourth ground for reversal because of failure to grant a new trial on account of newly discovered evidence. The newly discovered evidence was that of the injured party in the quarrel. He was in the court room at the time

of the trial but had not been called to testify. On the motion for new trial he testified for the defendant, giving a comparatively full statement of the surroundings and circumstances of the quarrel between him and the defendant, telling where he and the defendant went before or after each other, and stating, "I wanted to get to him, but he was just a little too fast for me . . . and when I opened the door leading to his room he got me." It is contended by appellee that this is merely cumulative evidence along the line of that given by other witnesses at the trial. While for the most part it is cumulative, yet we would hesitate to so denominate that part above quoted where it is the testimony of the injured party and the appellant is relying upon self-defense. The fact that evidence is cumulative is not the only ground for refusing to grant a new trial on account of its being newly discovered. It is the duty of the court to consider the credibility of the testimony and whether it would probably produce a different verdict. (*State v. Baker*, 78 Kan. 663, 97 Pac. 785; *State v. Nordmark*, 84 Kan. 628, 114 Pac. 1068; *State v. Fleeman*, 102 Kan. 670, 171 Pac. 618.)

At the trial of the case a physician and surgeon testified that he had seen the injured party on the day of the injury and "he had a knife blade stuck in his skull just above the left eye," and further, "I examined him again this afternoon and find him suffering from mental disability. His brain functions correctly, but that portion of his brain used for putting his thoughts into words does not function properly. By reason of the injury he cannot convey the ideas he has in mind accurately."

The evidence of the injured party was given in open court on the hearing of the motion for new trial, nearly three months after the trial, and upon cross-examination the injured party testified:

"I was present at the trial of the case, but my physical and mental condition was such that I could not testify at that time. I couldn't remember scarcely anything at that time. My memory of what occurred the night I was hurt came back to me about two weeks ago. I started living with my wife again about a week ago. From the time of my injury until about a week ago we were separated."

It is very apparent from this testimony that the trial court may very properly have questioned the credibility of the testimony of this witness on the ground of mental weakness or otherwise, and considered it improbable that a different result would be obtained in a new trial if granted. In connection with the last part of the

cross-examination above quoted it is not insignificant to note that the wife of the witness was a witness for the defendant in the trial. We think the trial court could have very reasonably entertained doubts as to the credibility of the witness giving the newly discovered evidence, and have been convinced that it probably would not produce a different verdict in a new trial.

The judgment is affirmed.