No. 29,549.

THE STATE OF KANSAS, *Appellee*, v. ALFRED KIRBY JELLA, *Appellant*.

(296 Pac. 350.)

510

 Opinion filed March 7, 1931. 

George K. Melvin and R. E. Melvin, both of Lawrence, for the appellant.

William A. Smith, attorney-general, Jesse A. Hall, county attorney, and James B. Kelsey, assistant county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this case ·appeals from the conviction of and sentence for murder in the first degree, assigning two errors: one as to the instructions given, and the other in overruling his motion for a new trial on the ground of newly discovered evidence.

The defendant was charged in the information with the willful, deliberate and premeditated killing of one Glen Curtis. After the introduction of evidence tending to show that the defendant had shortly prior to the killing unlawfully and feloniously taken money from the cashier of the Linwood State Bank and that Glen Curtis was killed while he and other citizens were pursuing the defendant to prevent his escape, the court instructed the jury that if it believed from the evidence beyond a reasonable doubt such statements as to the unlawful and felonious taking of the money shortly prior to the killing and the pursuit of the defendant it would constitute a felony.

The court in its instructions quoted the entire section of the statute defining murder in the first degree, R. S. 21-401, the last part of which relates to a killing when committed in the perpetration or attempt to perpetrate a felony. The instructions complained of were, of course, based upon this second part of the statute, and it is urged as error to have so instructed the jury when the information did not charge the defendant with the killing while perpetrating or attempting to perpetrate a felony. Appellant contends that under the instructions given the defendant was tried for the robbery of a bank, for a killing occurring during the robbery and for a willful, deliberate and premeditated killing, but he was only charged with the willful, deliberate and premeditated killing.

In the case of State v. Fisher, 120 Kan. 226, 243 Pac. 291, the defendant was charged with the offense of murder in the first degree in two counts conforming to the separate provisions of the statute, and the court held the two counts tended to cause ·confusion in the

instructions, that there was no purpose in having two counts in the information and that if murder were committed in the perpetration of some other felony the facts pertaining to that could have been proved under either count.

In the case of *State v. Roselli*, 109 Kan. 33, 198 Pac. 195, the information was drawn just as the one in this case charging murder under the first part of the statute and not under the second part, and the court held:

"The defendant and a companion entered a merchant's store, and proceeded to rob him. While the robbery was in progress, the defendant's companion shot and killed the merchant. *Held*, it was permissible to charge the defendant with murder in the first degree, by an information in the common form, without stating the murder was committed in the perpetration of robbery.

"Evidence showing the murder was committed in perpetration of robbery sustained the allegations of the information." (Syl. ¶¶ 1, 2. See, also, *State v Boone*, 124 Kan. 208, 257 Pac. 739.)

We find no error in the giving of the instructions concerning the other felony.

The other error assigned was in overruling the motion for new trial which was supported by the evidence of one George Henry Glenfield, who testified that he had committed the bank robbery and the killing and offered to plead guilty to the charge of murder in the first degree.

The defense made in the trial was an alibi. The defendant testified he had been sick at his mother's home in Lawrence, Kan., and left her place at 9 o'clock on the morning of October 29, 1924, the day of the robbery and killing, and went to Kansas City, where he remained all day and several days later with relatives. His mother and the two relatives in Kansas City corroborated his statement as to his whereabouts on that day. The robbery occurred at 1 p. m. and the killing in a cornfield about four miles from the bank about 5:30 p. m. Two bank officers and three citizens in the pursuit testified positively as to the identity of the defendant with the party seen at the bank and in the cornfield. The trial was held in March, 1928, more than three years after the commission of the offense. The sheriff and his deputy who found the defendant in Idaho, after three years of search, testified that he confessed his guilt to them after his arrest, but defendant stoutly denied all such conversation except that he knew he was suspected in that connection and that the officers were looking for him.

The man giving the newly discovered evidence related with minute detail the occurrences at the bank and in the cornfield, describing all the movements and conversations exactly like that related by the witnesses for the state. He said he was a Canadian, could neither read nor write, had committed many bank robberies, had been arrested for smuggling aliens into the United States from Canada after committing this offense and had served a term in the federal penitentiary at Leavenworth for such smuggling; and after completing such sentence and being released from the penitentiary he was held by the officers in the Leavenworth county jail for deportation to Canada, and was awaiting in jail the necessary orders for such deportation during the two or more weeks the trial of the defendant lasted, and met the defendant after the trial was over, when the defendant was telling the boys in jail what he was up for.

This newly discovered evidence fully meets the three essential features of competency. It was unquestionably newly discovered. There was no lack of diligence in procuring it. And it was not in any respect cumulative. The only remaining test is as to its sufficiency, and the appellant correctly states that rule when he says such evidence is sufficient when it would have caused, with reasonable probability, if it had been introduced, a different conclusion on the part of the jury. It is not so much of a question in the mind of the trial court as to believing or disbelieving such evidence, as it is the probable effect it would have with the jury in the consideration of it in connection with that which the jury did have, or what would probably be the result before a new jury with all the old testimony and this that has been newly discovered. It is uniformly the rule that it is the duty of the trial court to grant the new trial if it appears to be reasonably probable that it would have changed the result in the former trial or would change it in a new trial. The trial court in overruling the motion necessarily reached the conclusion that the result would probably not be changed by the use of this additional evidence. The trial court in the determination of this question would of course consider the fact that the new evidence entirely discredited the evidence identifying the defendant and indirectly supported the alibi evidence of the defendant.

It is urged by appellant that on cross-examination no substantial errors or discrepancies were developed in the testimony of this newly discovered witness which tends to increase the weight of it, but on the other hand the trial court may very properly have considered

the literal and detailed accuracy in the statement of the events with those outlined by the witnesses for the state as indicating the possibility of the witness having learned the story in some other way than by being personally present.

Both theories were proper for consideration of one weighing the testimony. All the other rules for weighing evidence would apply in the consideration of this new evidence by the trial court, and a new trial should not be granted on this ground unless the trial court believed this newly discovered evidence would probably change the result.

"A new trial should not be granted because of newly discovered evidence unless it is material and such as leads the court to think that it would probably produce a different verdict." (*State v. Nordmark*, 84 Kan. 628, syl. ¶ 5, 114 Pac. 1069.)

"A new trial should not be granted on the ground of newly discovered evidence unless such evidence is considered by the trial court to be worthy of credit, and such as will probably produce a different verdict." (*State v. Harris*, 126 Kan. 710, syl. ¶ 5, 271 Pac. 316.)

For the purposes of reviewing the errors, if any, of the trial court in the weighing of and the consideration given to this newly discovered evidence, the trial court had the advantage of seeing and hearing the witness, which makes this a very different case on review from one where such evidence is submitted by affidavit, and this court on an appeal will not disturb the decision of the trial court where to do so would involve the weighing of oral evidence and where no indication of prejudice or bias is apparent.

"Where the district court has, upon a motion for a new trial, determined facts upon conflicting affidavits and oral testimony, this court will not undertake to weigh such evidence." (*State v. Baker*, 78 Kan. 663, syl. ¶ 2, 97 Pac. 785.)

"The credibility of the testimony offered in support of a new trial because of newly discovered evidence is properly considered by the trial court, who sees and hears the witness furnishing the same, and the decision of such court refusing a new trial under such circumstances will not be disturbed by a court of review upon appeal." (*State v. Harris*, 126 Kan. 710, syl. ¶ 4, 271 Pac. 316. See, also, *State v. Fleeman*, 102 Kan. 670, 171 Pac. 618; and *State v. Wilson*, 128 Kan. 756, 280 Pac. 769.)

We find no error in overruling the motion for new trial. The judgment is affirmed.

HARVEY, J. (dissenting in part): In my judgment it was error to refuse a new trial in this case on the showing made. I agree with

the rule previously announced in decisions of this court (*State v. Stach*, 116 Kan. 187, 226 Pac. 238; *State v. Turner*, 121 Kan. 364, 247 Pac. 427; *State v. Buton*, 124 Kan. 509, 260 Pac. 634) that the court rather than the jury considers and weighs evidence offered in support of a motion for a new trial, and considers whether it probably would have changed the result. But when the evidence is unquestionably newly discovered, and there was no lack of diligence in securing it, and it is not cumulative, and the evidence would have been competent and material on the trial of the case, as obviously the evidence here in question would be, and is of a character which if given credence would have changed the result, I know of no reason why a court should refuse to grant a new trial because of it, unless it can be said that the evidence itself, or the witness testifying to it, is unworthy of belief. Unless it was clearly so the jury should have been given a chance to weigh it.. While it is true the trial court saw the witness who testified in support of the motion for a new trial, and heard his testimony, and is therefore in better position to judge its credibility than this court is by examining the record, I find it very difficult from reading the record to say that the trial court was justified in regarding it as absolutely incredible. One of the defenses in this case was an alibi. Witnesses who testified to the whereabouts of defendant on the day of the crime charged at a place other than the scene of the crime apparently were testifying in good faith. No effort was made to impeach them, or to discredit their testimony, other than it was contradicted by witnesses for the state who testified that he was at the scene of the crime and perpetrated it. The testimony offered in support of the motion for a new trial might have led to a different result, and certainly, if it had been regarded by the jury as credible, would have resulted in a verdict of not guilty. I would feel much better satisfied with the result had a new trial been granted and this weighed with the other evidence in the case.

SMITH, J., not sitting.