No. 45,279

STATE OF KANSAS, *Appellee,* v. RAYMOND EUGENE LAW, *Appellant.*

(452 P. 2d 862)

Opinion filed April 12, 1969.

*Jack E. Dalton,* of Dodge City, argued the cause and was on the brief for the appellant.

*David L. Patton,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Raymond Eugene Law, was convicted on charges of burglary and grand larceny. He was sentenced under the Habitual Criminal Act and has appealed. We will refer to the parties respectively as state and defendant, or Law.

During the night of April 9, 1967, the office of Dr. Ohman, in

Dodge City, was broken into and some three thousand Didrex tablets were stolen. The next morning city police received a call from a young man by the name of Roger Kunze, who implicated himself and four other men, including Mr. Law, in the crime.

After Kunze's story was investigated, warrants were issued and all the men were arrested. In due course the defendant was brought to trial and convicted, Mr. Kunze appearing as a state's witness against him.

A number of points are raised on appeal and will be considered. First, Law claims he was denied a speedy trial. This point is without merit. The first continuance, from May to September, was on motion of defense counsel. The law is well settled that where a delay is occasioned by application or act of the accused, the right to speedy trial is waived. (*State v. Stanley*, 179 Kan. 613, 296 P. 2d 1088; *Moore v. Hand*, 187 Kan. 260, 356 P. 2d 809.) Moreover trial was held well within the second term after the information was filed, as required by K. S. A. 62-1431. (*Cooper v. State*, 196 Kan. 421, 411 P. 2d 652.) A second continuance, of 12 days, was granted on motion of the state because of a missing witness. We see no abuse of discretion on the court's part in granting the state's motion. (*State v. Stubbs*, 186 Kan. 266, 349 P. 2d 936; *State v. Stubbs*, on reinstated appeal, 195 Kan. 396, 407 P. 2d 215.)

Two days before trial the state was given permission to endorse the name of an additional witness, Annette Gill, on the information. Defense counsel was notified of the endorsement the same day and was able to interview Mrs. Gill on the day following. We have long held that leave to endorse names on an information after its filing is a matter within the trial court's discretion. (See 2 Hatcher's Kansas Digest (Rev. Ed.) Criminal Law, § 77.) No abuse of discretion has been shown here. The record reveals the county attorney had not learned of Mrs. Gill until the day of the endorsement. Defense counsel was given prompt notice thereof and had opportunity to consult with Mrs. Gill. Furthermore, no continuance was requested by the defendant.

It is next urged that the value of the pilfered pills was not established. The contention is that Marie Stremel, the doctor's assistant for seventeen years, was not qualified to testify to their value. This objection is untenable. Miss Stremel kept the books for the doctor, ordered all medication, paid all bills and was in charge of the room where medications were kept. Moreover, she testified she knew

what the pills were worth. We believe she was shown to be eminently qualified to testify on the matter of value.

Considerable argument is directed toward three prosecution exhibits marked for identification but not offered in evidence. These exhibits consisted of two plastic bags containing tablets identified as Didrex pills and an envelope containing part of a tablet. The pills were obtained by officers during investigation of the crimes. One of the officers died prior to trial, and the defense insisted that the chain of possession had not been traced, and objected to any reference thereto either by witnesses, while testifying, or by the county attorney in final summation.

We fail to find prejudicial error in this regard. The evidence relating to two of the exhibits clearly had a bearing on the case and those exhibits doubtless would have been admitted had they been offered. But more than that, there is no showing of bad faith on the state's part in its attempt to connect the exhibits with the defendant. In this respect the case is quite similar to *State v. Basker,* 198 Kan. 242, 424 P. 2d 535, and what was said there is germane to the issue raised here.

A Miranda argument is advanced with respect to a remark made by the defendant when arrested. The record discloses that the officer who is now deceased immediately advised the defendant, in the presence of a brother officer, that anything Mr. Law said might be used for him or against him in court and that he did not have to say anything until he contacted his lawyer. The record then shows the defendant said "If I knew that you was going to pick me up this quick I would have had a gun."

It may be conceded that the warning given the defendant did not strictly comply with the standards set by the federal supreme court in *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. Nonetheless we think no error was committed. The remark bears all the attributes of a spontaneous exclamation not elicited through or made in response to questioning or investigatory techniques. The defendant's utterance neither confesses guilt nor does it admit any participation or complicity whatever in the offenses charged.

We have previously had occasion to consider spontaneous exclamations or comments as distinguished from inculpatory statements made pursuant to a process of interrogation. In *State v. Jolly,* 196 Kan. 56, 410 P. 2d 267, it was held:

"Inculpatory statements made by an accused contemporaneously with his detention or arrest, under circumstances not coercive, are not rendered inadmissible because he may not have been made aware of his right to remain silent and of his right to counsel." (Syl. ¶ 3.)

A somewhat analogous situation came under our scrutiny in *State v. Little*, 201 Kan. 94, 439 P. 2d 387, where we said:

". . . Even under *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, which was directed against a situation where the police carried out a 'process of interrogation that lends itself to eliciting incriminating statements' [p. 491 (L. Ed. 2d 986; S. Ct. 1765)], volunteered statements obtained without any 'process of interrogation' on the part of the officers are admissible. (See, *LaBlanc v. People*, 160 Colo. 575, 418 P. 2d 888, cert denied 388 U. S. 922, 18 L. Ed. 2d 1371, 87 S. Ct. 2125; *Maes v. People*, 160 Colo. 528, 418 P. 2d 891.) . . ." (p. 98.)

The defendant's voluntary exclamation in connection with his arrest may not be said, in our judgment, to have been elicited by police officers either through solicitation or by means of investigatory questioning.

At his motion for new trial, which the court overruled, the defendant introduced the testimony of a friendly cell mate, Kenneth Garrison, who had languished in the county jail during his own sojourn there. Garrison testified to statements allegedly made to him by Kunze while both were residing in jail after Law's trial. Cross-examination of Mr. Garrison brought out facts which may well have tended to becloud his impartiality.

We have said that a new trial should not be granted on the ground of newly discovered evidence unless the trial court is satisfied the evidence would probably produce a different verdict, and that the credibility of the evidence offered in support of the motion is for the trial court's consideration. (*State v. Harris*, 126 Kan. 710, 271 Pac. 316; *State v. Jella*, 132 Kan. 509, 296 Pac. 350.) Our appellate review of the order denying a new trial is limited to whether the trial court abused its discretion. (*State v. Jella*, supra; *Weed v. United States*, 380 F. 2d 914.) We find it did not.

We have examined objections to the court's instructions, as well as the court's refusal to submit instructions requested by defendant, and are satisfied that no error was committed in either regard. Other points raised on appeal have been fully considered and do not warrant extending this opinion. They simply have no merit.

Before closing this opinion we are constrained to comment briefly

on the state's scant brief. Its two and one-half pages are without a single citation of authority. We suggest that the brief would have been of greater assistance to the court had the author, in preparing it, touched on the law.

The judgment of the court below is affirmed.