No. 46,086

State of Kansas, *Appellee,* v. John Henry Campbell, *Appellant.*

(483 P. 2d 495)

Opinion filed April 10, 1971.

*Jack L. Lively,* of Coffeyville, argued the cause, and *Bruce E. Borders,* of Borders and Borders, of Independence, was with him on the brief for appellant.

*Richard A. Medley,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from a conviction of robbery in the first degree. (K. S. A. 21-527.)

During the nighttime on August 31, 1969, $104 was taken from an employee of the Salsman Oil Company in Caney, Kansas, by three men acting together. After striking the employee on the head and taking the money, the appellant and the two others fled to Oklahoma on U. S. 75 Highway, where their car was stopped near Copan. While the driver was being shaken down outside the car by the city marshal of Copan, the appellant slid behind the wheel and sped away. The marshal was about fifteen feet from the appellant, the dome light of the car in which appellant was riding was on, the headlights of the police car were on high beam and the beacon rotating.

The appellant abandoned the car a short distance down the highway. The next day he ran from Oklahoma police officers as they attempted to arrest him, but was later arrested some miles from the point at which he abandoned the car.

The first alleged error of which the appellant complains was the endorsement of additional names on the information by the state on the day of the trial. One of the names endorsed was that of Rex Mills, whose name was on the information, but which was the

last name on the first page of the information and only partially on the copies. Another, Lloyd Schell, was also endorsed on the information, but his was misspelled, and appeared as Shell.

The names of the other witnesses sought to be endorsed were Oklahoma law enforcement officers who testified as to the facts surrounding the apprehension and arrest of the appellant.

At the commencement of the trial appellant's counsel objected to the state's motion to endorse additional witnesses on the information. The state's motion was granted, with the provision that appellant's counsel be given an opportunity to discuss and visit with the witnesses prior to any attempt to introduce their testimony. When appellant's counsel was asked if he wished to visit with the witnesses prior to *voir dire* of the jury, he answered, "I would have no objection to doing it prior to the time of introduction of evidence."

The appellant was given an opportunity to interview the proposed witnesses in advance of their testimony. There is nothing in the record to indicate that counsel for appellant did not exercise his prerogative to discuss in advance with the witnesses their proposed testimony. He advised the court he had no objection to the procedure; he did not request a continuance, or assert he was surprised by the testimony of the witnesses permitted to be endorsed on the information. In fact, he announced he was ready for trial.

The district court in its sound discretion may permit or deny the endorsement of additional witnesses on the information at any time subsequent to the filing of the information, including during the trial, and its discretion will not be disturbed on appeal unless it is clearly shown it abused its discretion, and the abuse resulted in material prejudice to the defendant. (*Peterson v. State*, 203 Kan. 959, 457 P. 2d 6; *State v. Law*, 203 Kan. 89, 452 P. 2d 862; *State v. Poulos*, 196 Kan. 287, 411 P. 2d 689, cert. den. 385 U. S. 827, 17 L. Ed. 2d 64, 87 S. Ct. 63.) See also, *State v. Jones*, 202 Kan. 31, 41, 446 P. 2d 851; *State v. Foster*, 202 Kan. 259, 260, 447 P. 2d 405.

The purpose of the rule is to prevent surprise to a defendant at the time of the trial. (*State v. Poulos*, supra.) In the present case, the appellant had time to interview the witnesses endorsed on the information and made no request for a continuance. There is nothing in the record which in the slightest degree tends to show material prejudice to the appellant, and the point is without merit.

The appellant's final contention is that the district court erred

in failing to grant a new trial on the basis of newly discovered evidence.

In support of the motion, the appellant presented evidence in the form of his own testimony and the testimony of two other jail mates. The appellant also produced notes which were passed to him from his co-defendants, James and Marshall Norman, who were involved in the robbery. The evidence related mainly to a conversation within the confines of the jail, between one who had been convicted by a jury, and another who was awaiting trial. There was no new evidence or evidence that would materially or even partially change the evidence the jury heard at the trial. The notes presented a request that the appellant deny the Normans were involved in the robbery, and contained nothing with respect to his guilt or innocence.

A new trial should not be granted on the ground of newly discovered evidence unless the district court is satisfied the evidence would probably produce a different verdict, and the credibility of the evidence offered in support of the motion is for the district court's consideration. Our appellate review of the order denying a new trial is limited to whether the district court abused its discretion. (*State v. Law*, supra.)

There is nothing in the record which would materially change the evidence the jury heard at the trial of the case, and there was no abuse of discretion on the part of the district court in denying the appellant's motion for a new trial.

The judgment is affirmed.