No. 46,604

THE STATE OF KANSAS, *Appellee*, v. SOLOMON L. ANDERSON, *Appellant*.

(505 P. 2d 691)

Opinion filed January 20, 1973.

*Robert M. Brown*, of Topeka, argued the cause, and was on the brief for the appellant.

*Gene M. Olander*, County Attorney, argued the cause, and *Vern Miller*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: The defendant, Solomon L. Anderson, was convicted on two counts of aggravated robbery under K. S. A. 1971 Supp. 21-3427. This is a direct appeal from that conviction. We will refer to the parties respectively as state and defendant or Anderson. Count one concerned the armed robbery of the Blaylock Drug Store in Topeka on July 14, 1970. The clerk was held up by a man whom she later identified as the defendant. The clerk, Judy Newberry, described the robbery in some detail and testified that she had been unable to identify the defendant as the robber from a series of photographs but did in fact identify the defendant at a lineup at a later time. She also identified him at the time of trial. The only issue was the identity of the defendant as the robber.

Count two concerned the robbery of the Jaquith Drug Store which occurred on August 10, 1970. The only issue under count

two was the identity of the robber. After defendant was arrested three store employees who were present at the time of the robbery were shown photographs of Anderson. They all indicated that the defendant Anderson could very possibly be the armed robber but they were not certain. At the lineup which was held on August 12, 1970, Anderson was positively identified as the robber by two of the employees, Mina Trout and Christine Ann Steele. As to both counts Anderson relied primarily upon the defense of alibi and called several witnesses in support of that defense.

The defendant raises three points on this appeal. The thrust of his first point is that he was denied his constitutional right to counsel since he was in custody and without counsel at the time the series of photographs were shown to the witnesses. He relies upon *United States v. Zeiler*, 427 F. 2d 1305 (3rd Cir. 1970) and *United States v. Wade*, 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926. *Zeiler* was overruled in 1972 by the United States Court of Appeals for the Third Circuit in *United States Ex Rel. Reed v. Anderson*, 461 F. 2d 739. In *Reed* it was held that a photographic identification by witnesses prior to the filing of criminal charges is not a critical stage of the proceedings requiring the presence of defense counsel to satisfy the requirements of the Sixth Amendment to the United States Constitution. In the more recent case of *Kirby v. Illinois*, 406 U. S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877, the Supreme Court of the United States held that the right to counsel does not arise until criminal charges are formally made against an accused and that a lineup after arrest and before the initiation of adversary criminal proceedings is not a critical stage of the proceedings requiring defense counsel as a matter of constitutional right. In the case at bar the defendant made no objection at the trial to the identification procedure. Likewise there is nothing in the record which shows any abuse in the method by which the photographs were used in making the initial identification. We hold that the defendant was not denied any constitutional right to counsel at the time he was identified by the witnesses from an examination of photographs.

Defendant next contends that the court erred in overruling his motion for discharge at the conclusion of the state's evidence. Defendant argues that the evidence of his identification as the robber was not sufficient as a matter of law to make a prima facie

case. It is clear from the record that defendant was positively identified by one of the clerks at the Blaylock robbery and by two of the three eyewitnesses to the Jaquith robbery. There was a clear issue of fact as to the identity of Anderson as the robber. From the testimony the jury might have reasonably found that the defendant was the robber in each instance. The rule is well established that if there is any evidence from which the jury might have reasonably drawn an inference of guilt, a motion for discharge is properly overruled and the verdict of guilty will not be disturbed. (*State v. Dill*, 182 Kan. 174, 319 P. 2d 172.) We find no error here.

Defendant further asserts as a basis of error the failure of the trial court to grant defendant's motion for a new trial on the grounds of newly discovered evidence. As noted above the Jaquith robbery occurred on August 10, 1970. The time was fixed at approximately 10 o'clock a. m. The defendant testified that on the afternoon of August 10, he was in a barbecue place known as Moses Barbecue from about 1 o'clock p. m. to 3 o'clock p. m. The state called detective Stratton who testified that he and detective Cooke went to Moses Barbecue at approximately 2:30 p. m. looking for the defendant and that the defendant was not on the premises at that time. In support of his motion for a new trial the defendant called as a witness Frank Kirtdoll who testified that he was well acquainted with the defendant and that the defendant was seated next to him at Moses Barbecue at the time detectives Stratton and Cooke appeared looking for the defendant. The witness remembered speaking to detective Stratton, asking him if he was looking for someone. The trial court after hearing the testimony of Frank Kirtdoll overruled defendant's motion for a new trial. Defendant contends on this appeal that his credibility in the eyes of the jury was severely put in question by the testimony of detective Stratton that defendant had not been at the barbecue place at a time when defendant had testified that he was there. We have said that a new trial should not be granted on the ground of newly discovered evidence unless the trial court is satisfied that the evidence would produce a different verdict, and that the credibility of the evidence offered in support of the motion is for the trial court's consideration. (*State v. Jella*, 132 Kan. 509, 296 Pac. 350.) Our appellate review of the order denying a new trial is limited to whether the trial court abused its discretion. (*State v. Law*, 203 Kan. 89, 452 P. 2d 862.)

In this case it could not reasonably be claimed that the witness

was newly discovered since the defendant obviously knew that he was in the company of Frank Kirtdoll at the time detectives Stratton and Cooke came to the barbecue place looking for Anderson. The defendant made no effort to call the witness on rebuttal and did not ask for a recess to obtain his testimony. When the facts are fully within the knowledge of the movant at the time of his trial, they cannot be subsequently categorized as newly discovered evidence, (State v. Williamson, 210 Kan. 501, 502 P. 2d 777.) It is also important to note that the testimony of Frank Kirtdoll did not tend to establish the defendant's defense of alibi since the robbery took place at 10 o'clock a. m. and Kirtdoll's testimony concerned an event which took place at about 2:30 in the afternoon. The best that could be said is that such evidence might have had some weight on the issue of the defendant's credibility. Under these circumstances we cannot find that the trial court abused its discretion in denying defendant's motion for a new trial.

The judgment of the court below is affirmed.