No. 56,694

STATE OF KANSAS, *Appellee*, v. SUEANNE SALLEE HOBSON,
*Appellant.*
(697 P.2d 1274)

Opinion filed
April 5, 1985.

*Scott Harrison Kreamer*, of Watson, Ess, Marshall & Enggas, of Olathe, argued
the cause and was on the brief for appellant.

*Stephen R. Tatum*, assistant district attorney, argued the cause, and *Robert T.
Stephan*, attorney general, and *Dennis W. Moore*, district attorney, were with
him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Defendant, Sueanne Sallee Hobson, appeals from
the denial of a motion for new trial under K.S.A. 22-3501 based
upon newly discovered evidence. Defendant was convicted of
first-degree murder and conspiracy to commit first-degree mur-
der in the death of her stepson, thirteen-year-old Christen Hob-
son. We affirmed her conviction on direct appeal in *State v.
Hobson*, 234 Kan. 133, 671 P.2d 1365 (1983) (*Hobson I*). The
motion now before this court was filed subsequent to our deci-
sion in that case. The facts leading to the original conviction are
set forth in *Hobson I* and need not be repeated here. The actual
killing was carried out by defendant's son, Jimmy Crumm, and
Paul Sorrentino. Crumm was convicted of first-degree murder
and his conviction was upheld on appeal. *State v. Crumm*, 232
Kan. 254, 654 P.2d 417 (1982). Sorrentino pled guilty to aiding
and abetting first-degree murder and both men testified in the
trial of defendant Hobson.

The defendant's motion for new trial at issue in the present
appeal was based on affidavits executed in October and No-
vember of 1983 by three men, each of whom allegedly talked
with Paul Sorrentino at one or another of the various penal

institutions in which Sorrentino was incarcerated. The three, Edward Merrick, Jeffrey J. Wood and Mark A. Williams, all convicted felons, testified they had been incarcerated with Sorrentino at one time or another and that he had stated Sueanne Hobson had nothing to do with the murder of her stepson. The testimony of each witness contained marked similarities and need not be set forth herein.

At the hearing on the motion for new trial, in addition to the testimony of the three affiants, the court heard testimony of Paul Sorrentino. He testified that he did not know or recognize Mark Williams and did not recall having any conversation with him about the defendant's case. Sorrentino recognized Merrick from the Hutchinson reformatory, but denied having any conversations with him relating to the case. Sorrentino denied knowing Jeffrey Wood or conversing with him. On cross-examination by the State, Sorrentino denied having told anybody that he "definitely knew [Sueanne Hobson] had nothing to do with the murder." The district attorney then asked:

"Q. Paul, do you know if Sueanne Hobson had nothing — something to do with the murder?
"A. I have absolutely no idea.
"Q. You have an opinion?
"A. I have an opinion, but I have no facts.
"Q. And why is that?
"A. Because all the information I received came from a third person.
"Q. And who was that third person?
"A. Jim Crumm.
"Q. That's what you testified to at the trial of Sueanne Hobson, isn't it?
"A. Yes, sir."

Later during the hearing Ed Hobson, defendant's husband, acknowledged that he met with Ed Merrick the summer before Merrick completed his affidavit. There was also considerable testimony concerning the involvement of one Henry Floyd Brown, an inmate convicted of bank robbery and murder and an acquaintance of the Hobsons, in contacting various people including affiants and urging them to come forward with their evidence or, where applicable, to change their stories.

After the conclusion of the evidence the trial court denied defendant's motion for a new trial. The judge, in making his ruling, found that even if the statements attributed to Sorrentino were true, they constituted nothing more than an opinion of

Sorrentino and in view of the other substantial evidence at trial, would not change the outcome of the case.

K.S.A. 22-3501(1) permits a district court to order a new trial on the ground of newly discovered evidence. The rules governing these motions were set forth in *State v. Johnson*, 222 Kan. 465, 565 P.2d 993 (1977):

> "The granting of a new trial for newly discovered evidence is in the trial court's discretion. (*State v. Larkin*, 212 Kan. 158, 510 P.2d 123, *cert. den.* 414 U.S. 848, 38 L.Ed.2d 95, 94 S.Ct. 134.) A new trial should not be granted on the ground of newly discovered evidence unless the evidence is of such materiality that it would be likely to produce a different result upon re-trial. (*State v. Hale*, 206 Kan. 521, 479 P.2d 902.) The credibility of the evidence offered in support of the motion is for the trial court's consideration. (*State v. Anderson*, 211 Kan. 148, 505 P.2d 691; *State v. Larkin*, [212 Kan. 158].) The burden of proof is on defendant to show the alleged newly discovered evidence could not with reasonable diligence have been produced at trial. (*State v. Lora*, 213 Kan. 184, 515 P.2d 1086, *State v. Arney*, 218 Kan. 369, 544 P.2d 334.) The appellate review of an order denying a new trial is limited to whether the trial court abused its discretion. (*State v. Campbell*, 207 Kan. 152, 483 P.2d 495; *State v. Anderson*, [211 Kan. 148].)" p. 471.

These rules have been repeated by the court many times, most recently in *State v. Richard*, 235 Kan. 355, 363, 681 P.2d 612 (1984). In *Richard* we also stated "[a] new trial is not granted on the basis of newly discovered evidence which merely tends to impeach or discredit the testimony of a witness." 235 Kan. at 363.

We agree with the trial court's conclusions and find no abuse of its discretion in this case.

The judgment is affirmed.