[Philadelphia, January 12, 1829.]

FLOYD *against* BROWNE, Administrator of TRUXTON.

### IN ERROR.

By recovering a judgment in trespass for carrying away the plaintiff's goods, his property in the goods is divested. Consequently, such a judgment is a bar to an action of *indebitatus assumpsit,* against any one, for the proceeds of the sale of the goods which were the subject of the trespass.

From the record of this case, returned on a writ of error to the District Court for the city and county of *Philadelphia*, it appeared, that in the court below, it was an action of assumpsit for money had and received, brought by the plaintiff in error, *John Floyd*, against the defendant in error, *Aquilla A. Browne*, administrator *de bonis non cum testamento annexo* of *Thomas Truxton*, deceased, who, in

(Floyd *v.* Browne, Administrator of Truxton.)

his lifetime was High Sheriff of the city and county of *Philadelphia.*

The following were the circumstances upon which the plaintiff's claim was founded: To *March* Term, 1819, of the District Court, *Caleb Cridland* issued a *Fieri Facias* against a certain *George Green.* The sheriff levied upon goods belonging to the plaintiff, (*Floyd,*) and sold them for the gross sum of twelve hundred and thirty-five dollars and ninety-four cents.    In making the levy, *Benjamin Cridland, Robert Black, Peter Care, jr., Stephen E. Fotterall,* and *George F. Alberti,* assisted the said *Caleb Cridland. Floyd* brought an action of trespass *vi et armis,* against *Benjamin Cridland,* and the others who assisted him in the levy, and obtained a verdict and judgment for two thousand dollars against *Caleb* and *Benjamin Cridland,* and signed judgment by default against *Robert Black, Peter Care, jr., Stephen E. Fotterall,* and *George F. Alberti,* the other defendants.    Execution was issued against all these defendants, and the money made out of the goods and chattels of *Fotterall.    Fotterall* removed the record by writ of error to the Supreme Court, where, on the 2nd of *April,* 1821, the judgment was reversed as to all the defendants except *Caleb* and *Benjamin Cridland,* and the execution as to all.    (See 6 *Serg. & Rawle;* 412.)    On the 19th of *May,* 1821, *Floyd* brought this action against the sheriff, to recover the proceeds of the sale of his goods wrongfully taken in execution.    The defendant pleaded *non assumpsit* and payment, and a special plea of former recovery, which set forth the proceedings in the District Court and Supreme Court, above stated, in the suit brought by *Floyd* against *Caleb Cridland* and others.    To this plea the plaintiff demurred, and the court below gave judgment for the defendant on the demurrer.    The plaintiff thereupon took out a writ of error.

*J. R. Ingersoll* and *P. A. Browne,* for the plaintiff in error.— The question is, whether a plaintiff who has brought an action of trespass against certain individuals, for taking away his goods, and who has obtained judgment against them, but no satisfaction, can in an action for money had and received, recover from the sheriff, the proceeds of the sale of those very goods which have been tortiously taken from him?    A man does not make the goods of another his own by wrongfully taking them, nor does a man lose his title to property, by being illegally dispossessed of it.    The commission of a trespass does not change the property.    The owner may, indeed, waive the tort, and proceed as if it were a contract.    Hence in *trover,* in which a fair finding is alleged, and not a tortious taking, a recovery of judgment vests the ownership of the goods in the defendant, and substitutes for them damages which are measured by their value.    *Bull. N. P.* 32.    But a judgment in trespass or larceny leaves the property unchanged, and it may be pursued into the hands of any one to whom it can be traced.    There are cases in which a failure to prove property in one form of action is a bar to setting the same property in

(Floyd *v.* Browne, Administrator of Truxton.)

another form.    But there is no case to show that succeeding in the proof of property in one form, must induce a failure in a similar attempt in another form.    In *Kitchen et al* v. *Campbell,* 3 *Wils.* 304, 2 *W. Black. R.* 779, *S. C.,* judgment was given for the defendant, because in a previous action of trover for the same goods, the plaintiff had failed.    If replevin and trespass, which are both actions of tort, are brought together, the rule is, not that a recovery in one, will bar a recovery in the other, but that the pendency of one will prevent the further prosecution of the other.

Though in some cases a recovery in trespass is a bar to another recovery for the same trespass, yet there is no case in which a recovery in trespass is a bar to an action of *assumpsit.*    It is an important feature of this case, that the sheriff was no party to the trespass. The plea does not allege that he was, and the fact was otherwise. He neither was, nor could be a party to the action, which was trespass *quare clausum fregit.*    The sheriff never entered the plaintiff's close.    He found the goods elsewhere, and sold them as he found them.    All that the plea alleges is, that the judgment so recovered formerly, was for the same cause of action as that in which the defendant is now impleaded.    This is true, so far as the identity of the goods goes, and so far as the defendant may have been an acessory after the fact to the trespass.    Beyond these points they cannot be identified.    It is precisely as if the plaintiff had traced his goods into the hands of a bailee or a stranger, or rather as if he had traced his money into the hands of a stranger, and then demanded it.

Two positions may be maintained: 1. There is nothing in this case to prevent a recovery from a joint trespasser, even in trespass. 2. *Multo fortiori,* there is nothing to prevent a recovery in *assumpsit.*

1. To bar a second action of trespass for the same joint act, there must have been either very satisfaction, accepted as such, or at least a valid execution, which, if not actually available, must have had its course without let or impediment from the law, the court or the party defendant.    This principle is deducible from the earliest authorities, as well as from those of modern date. 14 *Vin. Ab.* 612. *Judgment* (*T.*) *pl.* 2. *Id.* 607. *Judgment* (*P.*) *pl.* 1, 2. 20 *Vin. Ab.* 540.. *Trespass,* (*R.*) 11. *Broome* v. *Wooton, Yelv.* 67. *Cro. Jac.* 73, *S. C. Coke* v. *Jenner, Hob.* 66. *Cro. Ch.* 75. *Claxton* v. *Smith,* 3 *Mod.* 86. 2 *Show.* 484. *Bull. N. C. P.* 49. *Sparry's Case,* 5 *Co.* 61. *Ferrer's Case,* 6 *Co.* 7. *Cro. El.* 667. *Felter* v. *Beale,* 1 *Salk.* 11. *Fields* v. *Law,* 2 *Root,* 320. *Livingston* v. *Bishop,* 1 *Johns. R.* 290. *Knox* v. *Work,* 1 *Browne,* 101.

If the plaintiff may proceed against several trespassers until he has received satisfaction, it is difficult to imagine any principle which could stand in the way of a proceeding against a stranger who has received his money arising out of the very goods which were the

(Floyd *v.* Browne, Administrator of Truxton.)

subject of the trespass, and who, therefore, does not even stand in the situation of a co-trespasser. That an execution issued in this case, amounts to nothing. It was reversed and made void, *ab initio. Cridland* v. *Floyd,* 6 *Serg. & Rawle,* 412. It could not be construed into an election; and if it could when it first issued, yet having been avoided, it was unavailing; and, consequently, no election either in fact or law. *Parsons* v. *Lloyd,* 3 *Wils.* 345. *Read* v. *Markle,* 3 *Johns.* 523. *Patterson* v. *Swan,* 9 *Serg. & Rawle,* 16.

*J. Randall,* for the defendant in error.—The defendant has long since paid away the money to the plaintiff in the execution under which it was raised, and an experiment is now made by a third person to recover that amount in an action of *indebitatus assumpsit.* No such action was ever brought before in any court. That the recovery of a judgment in trespass is a bar to any subsequent action, even without execution, is fully established. *Broome* v. *Wooton,* Cro. *Jac.* 73. *Yelv:* 67. *Bull. N. P.* 20. *Rawlinson* v. *Oriett, Carth.* 96. *Sparry's Case,* 5 *Co.* 61. *Ferrer's Case,* 6 *Co.* 7. This rule is fully adopted in *Virginia. Ammonett* v. *Harris,* 1 *Hen. & Munf.* 488, 498. And in *Kentucky, Ewing* v. *Foul,* 1 *Marsh.* 457. The case of *Livingston* v. *Bishop,* 1 *Johns. R.* 290, stands alone against all these authorities. In reference to that case it is worthy of remark, that it did not come before the court in such a way as to give rise to the question; added to which, LIVINGSTON, J., and SPENCER, J., did not concur with the majority of the court. In the elementary treatises too, the principle is laid down, that a judgment in trespass, is a bar to another action for the same trespass. 1 *Chitty on Pl.* 76. *Esp. on Evidence,* 192. So far is it from being necessary even to issue execution, that in the books of precedent, the form of the plea is that the *judgment* remains unsatisfied. 2 *Chitty on Pl.* 437, 438. 3 *Wentw.* 143. *Story Pl.* 132. In 1 *Saund.* 67, there is a precedent, in which there is an averment of satisfaction on a recovery in foreign attachment; but the other precedents contain no such averment. The action of trespass is a joint remedy, and must be pursued jointly, which distinguishes it from the case of several actions on a promissory note, in relation to which the rights and the remedies are distinct. A release to one joint trespasser is a release to all; not on the ground of satisfaction, but of the extinguishment of the cause of action. 1 *Hen. & Munf.* 489. And a judgment is a higher satisfaction than a release. *Putt* v. *Royston,* 2 *Show.* 223, (211.) A recovery in trespass of the value of the goods vests the title to them in the defendant in the action of trespass. The plaintiff's title is extinguished by the judgment. That such is the law in trover is familiar to every one. *Adams* v. *Broughton,* 2 *Str.* 1078. *Andrews,* 19. Indeed this is not denied; but it is said there is no case in which it has been decided, that a judgment in trespass vests the title in the defendant. *Rice* v. *King,* 7 *Johns:* 20, is to the very point. It was there held, that a recovery in trespass was a bar to an

(Floyd *v.* Browne, Administrator of Truxton.)

action of assumpsit;for the same cause. So a recovery in trespass, is a bar to a subsequent action of trover. 1 *Nott. & M'Cord,* 1. It is in fact a general rule, that wherever there is a recovery against a trespasser, the property which was the subject of the trespass vests in the trespasser, and no action in any form can be maintained for it. *Curtis* v. *Groat,* 6 *Johns.* 168. · 1 ·*Hen. & Munf.* 449. 13 *Serg. & Rawle,* 247. 12 *Mod.* 324. 1 *Chitt. Pl. (Old Edit.)* 89, 90. *Pollex,* 641.·

It is not necessary to advert to the·effect of the execution upon the opposite doctrine. The moment it was issued, the plaintiff had determined his election.

If the plaintiff in this case should recover, the sheriff will be without remedy; for the bond of indemnity he received, will not cover the case: while *Floyd,* who is still the owner of the judgment against the *Cridlands,* may recover the whole amount of it from them, which a recovery in this case could not prevent.

The opinion of the court was delivered by·

Gibson, C. J.—A plaintiff is not compelled to elect between actions that are consistent with each other. Separate actions against a number who are severally liable for the same thing, or against the same defendant on distinct securities for the same debt or duty, are consistent, being concurrent remedies. Trespass is, in its nature, joint and several; and in separate actions against joint trespassers, being consistent with each other, nothing but actual satisfaction by one will discharge the rest. So far the law is clear. Here, then, the plaintiff had impleaded six jointly, and obtained judgment, but without actual satisfaction, against two; and he now brings *indebitatus assumpsit* against a seventh for the price obtained for the goods which were the subject of the trespass. The point of defence mainly relied on, is that the plaintiff's property in the goods, was divested by the former recovery; and consequently, that he cannot maintain an action founded exclusively on property in the goods, or the price of them. It is not easy to see how this is to be answered. It will not do to say that the present, though differing in form, is in substance an action to recover satisfaction for a trespass, and consequently, that the form is immaterial. There is, in fact, a substantial difference. The cause of action in trespass and in assumpsit, is as distinct in substance, as the actions are different in form. Trespass lies only for an injury to the possession; and damages are recoverable for the *taking,* which is the gist of the action, separately from the value of the goods, the asportation being a circumstance merely of aggravation. *Assumpsit* lies for money received as the price of the goods, to the plaintiff's use, the detention of which, is the gist of the action, the trespass being waived, and not entering at all into the estimate of the damages; it being well settled, that nothing is recoverable beyond what was actually received. If there were no difference as to substance, and the form

(Floyd *v.* Browne, Administrator of Truxton.)

of the remedy were immaterial, a plaintiff might have several ac-
tions of *assumpsit* against those who had jointly sold his goods, on
the ground of their having been obtained by a trespass, although the
promise which the law implies from a joint receipt of the price, is
also joint.   He certainly might just as well proceed severally in *as-
sumpsit* against all, as in trespass against some, and in *assumpsit*
against the rest.   But there is this further substantial difference, that
the action in the one case, is founded on a contract which survives,
and in the other, on a tort, which, at the common law, does not.
In fact, the attempt here is to make an administrator liable.   A
plaintiff must proceed consistently.   He cannot waive a part of the
injury to give form to his action, and resume it to give substance.
In waiving the trespass he dispenses with whatever could give cha-
racter to the injury as such, and treats as a substantive and distinct
cause of action, what would, in an action of trespass proper, be
merely a circumstance of aggravation.   In an action of assumpsit,
therefore, he cannot claim the benefit of any of the incidents or at-
tributes which appertain to an action of trespass.   The consequence
is, that the plaintiff here having recovered in trespass, cannot again
recover in an action which is not a concurrent remedy; a recovery
in trespass producing the same bar that is produced by a recovery
in trover, against a recovery in *assumpsit* of the price of the same
goods.

Judgment affirmed.