IN THE

# SUPREME COURT of JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT NOVEMBER TERM, 1869.

---

### FOX v. PRICKETT.

1. In Pennsylvania, the rule is settled that a recovery, in an action of tort, of the value of a specific chattel, without satisfaction of such judgment, so far divests the plaintiff of his title that he is barred from asserting it in any other action.
2. This rule has never been adjudicated on by the courts of this state.
3. But as between co-defendants, it is clear that after judgment in an action *ex delicto,* for the value of a chattel, he who pays the judgment becomes the sole owner of such chattel.
4. In replevin, if the count is in the *detinuit,* the legal intendment from the record is, that the damages were not for the value of the chattel, but for its detention only.

---

On case reserved.

This was an action of replevin, the property replevied consisting of two mules.

It was in proof that one Thomas Mendenhall sold these mules for their value, to the defendant, who purchased in good faith, supposing Mendenhall to be the owner; that afterwards, one Phipps, being the owner of these mules, brought an action of replevin for them in the District Court

of the city and county of Philadelphia, against the present plaintiff, Fox, and the said Thomas Mendenhall. In that suit Phipps was successful, and his damages were assessed at $300. Subsequently to this recovery, Fox paid the amount of the judgment to Phipps, and took from him a receipt and bill of sale, *viz.*, " The pair of mules replevied (but not found) in the above case are to become the property of the defendant, Fox, upon payment of the verdict and costs, the plaintiff hereby relinquishing all property in them whenever and wherever the same are to be found." [Signed T. T. Phipps.]

Argued at February Term, 1869, before BEASLEY, C. J., DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

For the plaintiff, *Peter L. Voorhees.*

For the defendant, *S. H. Grey.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This controversy relates to the title to the property replevied. It is admitted that one Phipps was originally the owner of the mules in question, and that he brought an action of replevin for them in the District Court of the city and county of Philadelphia, against the present plaintiff and one Mendenhall; that in that suit, the mules having been returned by the sheriff eloined, Phipps recovered judgment for $300 as damages, and that afterwards the present plaintiff, paying the amount recovered, took from him a bill of sale for the mules; that prior to this suit, the said Mendenhall, having got possession of the mules, sold them to the defendant, who took him to be the owner. Under these circumstances, the position on the part of the defendant is, that by force of the judgment in Pennsylvania, the title to this property passed, by operation of law, to the two defendants in that suit, Fox and Mendenhall, and that consequently the present defendant, by his purchase from

the latter, became a joint owner therein with the plaintiff in this suit. It is not pretended that Mendenhall contributed anything towards the satisfaction of the foreign judgment; but reliance is placed exclusively on the naked effect of that judgment in the way of transferring the title.

The legal doctrine thus appealed to is discussed by Chancellor Kent, in the second volume of his commentaries, page 387, and it will be found, from the cases collected by him in the text and notes, that the precise effect of a judgment in an action *ex delicto,* for the value of a specific chattel, upon the title of such chattel, is a matter about which the books are not agreed. In some adjudications it is maintained that in such actions the title to the property, in contemplation of law, is passed from the plaintiff to the defendant, by the effect of the final judgment merely; while, in others, the transfer of title is not regarded as complete without actual payment or satisfaction of the judgment. The latter view appears to be sustained by the decided weight of the English authorities, and is the one which the commentator himself characterizes as the more reasonable. But on this occasion this court is not called upon to express any opinion upon this vexed subject, for the inquiry now to be made is not as to the law of this state upon this head, but as to what is the legal rule in Pennsylvania, for it is obvious that we must ascribe to this judgment the same effect which would be judicially given to it in that commonwealth.

Looking, then, to the Pennsylvania decisions, I find the rule settled, as I conceive, to this extent, that a recovery of the value of a specific chattel without satisfaction of such judgment so far divests the plaintiff of his title that he is barred from asserting it in any other action. There is quite a line of authorities to this effect, which it is not necessary to examine critically, for in the case of Merrick's estate, 5 *Watts & Serg.* 17, which is the latest reference to the subject, it is authoritatively declared that the question is no longer an open one in that state, and that "a judgment for the value of the chattel is placed on the same footing as an ac-

tual satisfaction, and consequently divests the plaintiff's title." See, also, *Floyd* v. *Brown*, 1 *Rawle* 121 ; *Marsh* v. *Pier*, 4 *Rawle* 273.

The rule thus established seems to be a technical application of the maxim, *transit in rem judicatam*, for it is manifest that until satisfaction, the judgment is no adequate equivalent for the property. But, accepting the rule in its integrity, it is plain that it does not conclude the present point of inquiry. The decisions quoted adjudicate as to the effect of the judgment on the right of the plaintiff in the action ; but the present investigation has to do with its operation upon the rights of two or more defendants with respect to each other. Is it true, as is contended, that the recovery not only bars the plaintiff from ever claiming the property, but also puts it, in equal shares, in all the defendants in the suit, without regard to the fact that satisfaction is made by only one or some part of them ? No case was cited, and I do not know that any can be found, which reflects any light on this subject. To give this efficacy to the judgment would manifestly lead to absurdity and injustice. Let us exemplify : a merchant, in conjunction with his six clerks, is sued in trover, in consequence of his possession and retention of certain goods claimed by him, valued at $20,000 ; an adverse judgment is rendered, and the merchant pays it off. According to the contention of the defence in this case, such merchant will be the owner of only one-seventh part of the goods in question—an equal portion, by operation of law, vesting in each of the clerks. As there can be no suit for contribution between wrong-doers, the injustice of this situation would not be subject to any legal mitigations. The same result would follow if, instead of a voluntary payment, the moneys recovered should be levied by execution. I have already said there is no precedent for this doctrine, and I do not believe it will ever receive the sanction of any judicial tribunal. That judgment, without satisfaction, will estop a plaintiff from setting up title to the property, whose value is embraced in the damages, is an hypothesis which may be

defended, or perhaps successfully maintained, by weighty argument; but it seems to me that nothing can be said in favor of the other proposition that one defendant can claim title to an equal or any share of the property, against a co-defendant, who, by satisfying the judgment, has paid the price of such property. It is upon this theory that a payment of the damages is a payment of the price of the chattel which has entered into such damages, that prevents, in the English law, a mere recovery without satisfaction from divesting the title of the plaintiff. The maxim which is there applied is *solutio pretii emptionis loco habetur.* "So where one doth take my goods as a trespasser," says Sheppard's Touchstone, page 227, "and I recover damages for them upon a suit at law, in this case the law doth give him the property of the goods, *because he hath paid for them.*" It is certainly quite practicable, so far as plaintiffs are concerned, to dispense with this rule; this, we have seen, has been done in Pennsylvania, and it is also done elsewhere; but with reference to defendants, it seems one of the necessities of distributive justice. As between co-trespassers, he who satisfies the judgment must take the chattel which was the subject of the suit, for the all-sufficient reason that he has paid the price of it.

The position of the defence on this point is not tenable.

But even if success had attended this main contention, the defence must have failed on a technical ground. It was assumed by both sides, on the argument, that the judgment in Pennsylvania was for the value of these mules. However in truth this may have been, the record before us conclusively asserts the fact to be otherwise. In replevin, the value of the chattels can only be embraced in the damages when the declaration charges a detention up to the time of pleading; in technical language, the count, to warrant such a result, must be laid in the *detinet,* and not merely in the *detinuit. Bac. Ab., tit. Replev., H.*

In the declaration referred to, the charge is that the defendants *detained* the mules, "against sureties and pledges,

until," &c.    Upon this pleading, no judgment for damages could rightly, upon legal principles, comprehend the value of the chattels in question.    Compensation for the taking and detention is the only equivalent which can be obtained at law for the cause of action thus stated, and, consequently, the unavoidable inference is, that the judgment contained in the record was not rendered for the value of the property mentioned in it.    In *Boswell* v. *Green*, 1 *Dutcher* 394, this court refused to notice the fact, the declaration being in the *detinuit*, that the damages were for the value of the goods, instead of being merely for the detention.    Inasmuch, therefore, as the legal intendment based on this record must be that the judgment in Pennsylvania did not comprise damages for the value of the mules in question, there can be no pretence that, in legal contemplation, it had any effect whatever upon the title to such property.

On both these points, therefore, the defence fails.    The Circuit Court should be instructed that the plaintiff is entitled to judgment.