FILED
United States Court of Appeals
Tenth Circuit

December 22, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON THOMAS WALTON,

Petitioner - Appellant,

v.

MR. FRANKLIN, Warden,

Respondent - Appellee.

No. 09-5119
(D.C. No. 4:06-CV-00204-CVE-FHM)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Milton T. Walton, appearing pro se, seeks a certificate

of appealability ("COA") allowing him to appeal the district court's order denying

his petition for a writ of habeas corpus with prejudice.  28 U.S.C. § 2254.  To

obtain a COA, Mr. Walton must make "a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S.

473, 483-84 (2000).  Mr. Walton has not made the requisite showing, and

therefore we deny a COA and dismiss the appeal.

Mr. Walton is currently serving a sentence of 50 years in prison for

attempted robbery by force after conviction of two or more prior felonies and

misdemeanor obstructing a police officer.  1 R. 6, 18, 57.  An Oklahoma state

court convicted him after a jury trial. 1 R. 57. Mr. Walton directly appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), 1 R. 50-90, and that court affirmed, 1 R. 117-20. The state district court subsequently denied his application for post-conviction relief, and the OCCA affirmed. 1 R. 121-30. Mr. Walton filed his federal petition for a writ of habeas corpus on April 18, 2006. 1 R. 5.

In his federal habeas petition, Mr. Walton raised three grounds of error: (1) tainted identification; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel by failure to inform Petitioner of an offered plea and failure to raise the issue of illegal arrest. 1 R. 9-11. Nearly three years later, Mr. Walton filed a motion to amend his original petition to include two claims: that the Oklahoma procedural bar was improper, and that the state district court lacked jurisdiction to sentence him as an habitual criminal because the original information did not charge him as an habitual criminal. 1 R. 279-85. In its order denying Mr. Walton's habeas petition, the district court first denied his motion to amend because it did not relate back to his original petition and was therefore barred by AEDPA's one-year statute of limitations. 1 R. 302-04; see 28 U.S.C. § 2244(d) (one-year statute of limitations applies to state prisoners' habeas petitions). The district court denied relief on Mr. Walton's first two claims (tainted identification and prosecutorial misconduct) on the merits. 1 R. 305-14. The district court held that Mr. Walton's third claim (ineffective assistance of counsel) was procedurally

barred because the OCCA did not adjudicate it on the merits. 1 R. 314-20.

Mr. Walton's petition for a COA raises a set of issues somewhat different from those presented in his original § 2254 petition. He has separated his ineffective assistance of counsel claim into two claims on appeal: one based on his pretrial counsel's failure to inform him of an offered plea, Pet. Br. at 3-8, and another based on his pretrial counsel's failure to raise the issue of an illegal arrest, Pet. Br. at 9-11. He also presents one of the claims presented to the district court in his time-barred motion to amend: the state district court's lack of jurisdiction to sentence him as an habitual offender because the original information failed to charge him as such. Pet. Br. at 8-9.

We reject Mr. Walton's claim that the state district court lacked jurisdiction. First, Mr. Walton does not challenge the district court's denial of his motion to amend. Therefore, we conclude that he has abandoned any challenge on the grounds that the district court misapplied AEDPA's statute of limitations. See Fairchild v. Workman, 579 F.3d 1134, 1146 (10th Cir. 2009). Second, we will not consider claims that the petitioner did not present to the district court in his habeas petition. See Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004); United States v. Cook, 997 F.2d 1312, 1316 & n.4 (10th Cir. 1993). Our waiver rule also applies to claims submitted after the expiration of the AEDPA time bar. Third, even if we were to construe Mr. Walton's repeated presentation of the claim as a challenge to the application of the AEDPA time bar, we conclude that

the district court appropriately determined that his proposed amendment did not relate back to his original petition. Without any grounds for equitable tolling, we are bound by AEDPA's time bar.

Mr. Walton's claims for relief based on ineffective assistance of counsel are procedurally barred because the OCCA did not adjudicate them on the merits. Mr. Walton does not challenge the district court's determination that the OCCA did not adjudicate these claims on the merits on direct appeal or in proceedings for post-conviction relief. (In post-conviction proceedings, the OCCA held that Mr. Walton's ineffective assistance claims were procedurally barred because he failed to raise them on direct appeal, 1 R. 315-16.) Rather, he claims that he should have enjoyed one of the exceptions to Oklahoma's procedural bar that we recognized in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). "[T]he Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone." Id. at 1264. Therefore, the procedural bar does not apply where trial and appellate counsel are the same, or the ineffectiveness claim cannot be resolved on the trial record alone. Mr. Walton acknowledges that his trial and appellate counsel differed. Pet. Br. at 6. Mr. Walton does not dispute that his illegal arrest/ineffective assistance claim can be resolved on the trial record alone. Therefore, this claim fails as procedurally barred.

Mr. Walton does, however, dispute that his plea offer/ineffective assistance

claim can be resolved upon the trial record.  Pet. Br. at 6.  English's second condition requires that the claim can be resolved on the trial record alone or that there exist "a sufficient procedural mechanism on direct appeal whereby defendants can adequately develop the factual basis of their ineffective assistance claims."  English, 146 F.3d at 1263.  As the OCCA and the district court observed, Mr. Walton had already developed the factual basis of this claim *before* his direct appeal.  1 R. 129, 317-18.  That is, Mr. Walton admits that he knew of the plea offer during his direct appeal.  Pet. Br. at 7.  Because both conditions of English are satisfied, Oklahoma's procedural bar applies to his plea offer/ineffective assistance claim as well.

In addition, Mr. Walton does not make the requisite showing of cause and prejudice or a fundamental miscarriage of justice to avoid the procedural bar.  Mr. Walton does not allege actual innocence, as required to demonstrate a fundamental miscarriage of justice.  See Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000).  Mr. Walton blames his appellate counsel for his failure to raise on direct appeal his pretrial counsel's failure to inform him of the plea offer, alleging that he informed his appellate counsel of the issue.  Pet. Br. at 7.  However, Mr. Walton cannot assert his appellate counsel's ineffective assistance as cause for his pretrial counsel's ineffective assistance if he has procedurally defaulted on that claim and not shown cause and prejudice for the default.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000); Murray v. Carrier, 477 U.S. 478,

489 (1986). Because Mr. Walton failed to present a claim of ineffective assistance of appellate counsel in his state post-conviction proceedings, he has procedurally defaulted on it. He alleges no cause and prejudice for this default. Accordingly, Mr. Walton has failed to make out adequate cause for the procedural default of his ineffective assistance of pretrial counsel claim. Without a showing of cause and prejudice or a fundamental miscarriage of justice to overcome the procedural bar, Mr. Walton's plea offer/ineffective assistance claim fails.

We DENY a COA and all other pending motions and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge