FILED
United States Court of Appeals
Tenth Circuit

April 26, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JWAN DWAIN WASHINGTON,

    Petitioner - Appellant,

v.

RANDY WORKMAN, Warden,

    Respondent - Appellee.

No. 10-6005
(D.C. No. 09-CV-00139-HE)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

Petitioner-Appellant Jwan Dwain Washington, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order dismissing his petition for a writ of habeas corpus. To obtain a COA, Mr. Washington must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Because Mr. Washington has not made such a showing, we deny a COA and dismiss the appeal.

In January 2007, Mr. Washington pled guilty in Oklahoma state court to murder in the first degree. 2 R. 115-122, 137-38. The court sentenced him to life in prison with the possibility of parole. Id. at 137. Shortly thereafter, Mr.

Washington moved to withdraw his plea, id. at 142, and the court denied the motion, id. at 155. The Oklahoma Court of Criminal Appeals ("OCCA") allowed Mr. Washington to appeal out of time, id. at 170-72, but later denied his petition for a writ of certiorari, 1 R. 19-20. Mr. Washington filed a timely petition for habeas corpus under 28 U.S.C. § 2254. Id. at 4-18.

In his state appeal and federal habeas petition, Mr. Washington has consistently challenged the validity of his guilty plea on three grounds: 1) the state trial court accepted his plea without a factual basis; 2) his plea was not intelligently made but resulted from ignorance or confusion and without deliberation; and 3) he was denied his Sixth Amendment right to conflict-free representation at the hearing to withdraw his guilty plea. 1 R. 5, 24, 145-59; Application for COA at 2-4. The magistrate judge recommended the denial of Mr. Washington's petition, finding that the OCCA's decision was not contrary to clearly established federal law. 1 R. 121-44. Mr. Washington objected to the magistrate's report with respect to his first two grounds for relief, and sought leave to amend his petition to add a claim of ineffective assistance of counsel. Id. at 145-59. The district court adopted the magistrate's report, denied the motion to amend because Mr. Washington failed to exhaust that claim in state courts, and denied the habeas petition for essentially the same reasons as the magistrate gave. Id. at 160-62.

Mr. Washington has not shown that reasonable jurists would find it

debatable whether his petition stated a valid claim of the denial of a constitutional right.  See Slack, 529 U.S. at 484.  Although guilty pleas generally must have a factual basis under federal or state law, courts are constitutionally required to establish the factual basis of the plea only if the defendant claims factual innocence when he pleads guilty.  See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970).  Because Mr. Washington did not claim factual innocence when he pled guilty, his first ground for relief does not state a constitutional violation.

On his second ground, Mr. Washington does not provide us "clear and convincing evidence" to rebut the presumption of correctness of the OCCA's factual finding that his plea was "knowing, intelligent, and voluntary."  28 U.S.C. § 2254(e)(1); 1 R. 20.  The plea was not intelligent, Mr. Washington claims, because he did not understand that malice aforethought was a material element of his offense.  1 R. 151-54; Application for COA at 4.  We presume that a defendant's attorney has explained the elements of the offense prior to the guilty plea if the record supports such a presumption.  See Allen v. Mullin, 368 F.3d 1220, 1240-41 (10th Cir. 2004).  At his plea hearing, Mr. Washington acknowledged his right to a jury trial where the state would have the burden to prove all material elements of the crime beyond a reasonable doubt.  Sentencing Tr. at 9-10.  He also told the court that he had a chance to discuss the murder charge and any defenses with his attorneys.  Id. at 11.  He made the same acknowledgments in his written guilty plea.  2 R. 115-18.  These facts are not

enough to rebut the OCCA's factual finding.

Mr. Washington's third ground fails because he waived appellate review of his original claim and did not exhaust his new claim of ineffective assistance of counsel. Under our "firm waiver rule," an appellant who fails "to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). To avoid the waiver, the appellant's objections to the magistrate's report must have been "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996). Mr. Washington's state petition for writ of certiorari and federal habeas petition claimed as a third ground for relief the violation of his Sixth Amendment right to conflict-free representation. 1 R. 11, 38-39. Mr. Washington argued that his counsel at the hearing on his motion to withdraw his plea was impermissibly conflicted because he also represented Mr. Washington at his arraignment and was friends with two other attorneys who represented Mr. Washington. Id. at 38-39. The magistrate found that the alleged conflict did not violate the Sixth Amendment or, in the alternative, did not constitute ineffective assistance of counsel. Id. at 138-43. In his objections to the magistrate's report, Mr. Washington dropped any discussion of his original conflict-free representation claim and instead sought leave to amend his habeas petition to include an

ineffective assistance claim.  Id. at 158.  Because the right to conflict-free representation is "separate and distinct from the right to effective performance of counsel," Deiterman v. Kansas, 291 F. App'x 153, 161 (10th Cir. 2008), Mr. Washington was required to object to the magistrate's findings regarding his conflict-free representation claim.  Finally, reasonable jurists would not debate whether the district court correctly denied Mr. Washington's motion to amend. See Slack, 529 U.S. at 484.  Mr. Washington failed to exhaust his ineffective assistance claim in state courts as 28 U.S.C. § 2254(b)(1)(A) requires, and has not shown that he should enjoy any exception.

We DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge