FILED
United States Court of Appeals
Tenth Circuit

July 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

DANNY E. BEAUCLAIR,

Petitioner-Appellant,

v.

JOHNNIE GODDARD; ATTORNEY
GENERAL OF KANSAS,

Respondents-Appellees.

No. 13-3074

(D.C. No. 5:10-CV-03128-SAC)

(D. of Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Danny Beauclair, a Kansas state prisoner, requests a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A) to appeal the district court's denial of federal habeas relief under 28 U.S.C. § 2254.[1] After filing one direct appeal, two post-conviction motions, and two more appeals in state court—all unsuccessful—Beauclair sought federal habeas relief for what he

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Beauclair's filings liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

characterized as twenty-seven different errors in the state court decisions. The district court rejected all twenty-seven claims.

Now, in this COA request, Beauclair presents what he labels as nine "issues" with the district court's decision. But we owe the Kansas court decisions great deference under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). And because those decisions are neither contrary to any Supreme Court holding nor an unreasonable determination of the facts, under AEDPA deference, no reasonable jurist could debate the district court's decision to deny federal habeas relief.

Therefore, we deny Beauclair's COA request and dismiss the appeal.

## I. Background

In August 2001, Beauclair pleaded no contest to one count of rape and one count of aggravated criminal sodomy. The factual basis for his plea was that between January 1997 and January 1999, Beauclair engaged in vaginal, anal, and oral sex with his stepdaughter while she was under the age of 14. Following his plea, the judge sentenced Beauclair to concurrent terms of 184 months for the rape count and 136 months for the sodomy count. For crimes committed in 1997 and 1998, these were the minimum possible sentences for each count under Kansas's sentencing guidelines.

Beauclair appealed to the Kansas Court of Appeals on just two grounds, only one of which he raised again here—namely, that the trial court erred in

sentencing him to 184 months for the rape count when the judge originally announced that the sentence would be 148 months.  The appellate court summarily affirmed, *see State v. Beauclair*, 67 P.3d 180 (Table) (Kan. Ct. App. Apr. 11, 2003) (unpublished), and in a later appeal, which we discuss more below, it explained that "the inversion [of 184 as 148] was no more than a clerical error that was properly corrected by the trial court," *State v. Beauclair*, No. 100,161, 2010 WL 596992, at *2 (Kan. Ct. App. Feb. 12, 2010).

Then in October 2003, Beauclair moved to withdraw his plea, raising four grounds: (1) at the plea hearing, the judge did not inform him of the correct sentencing ranges; (2) his mental health issues prevented him from making a knowing and voluntary plea; (3) the trial court failed to determine the factual basis for his plea before accepting it; and (4) the victim had recanted.  For the fourth ground, he attached an affidavit from the victim in which she declared that Beauclair never had sex with her and that she had been coerced into making the allegations by agents from Kansas's Social Rehabilitation Services.

The trial court held a hearing on whether to grant Beauclair's motion.  At the hearing, Beauclair's counsel did not call the victim to testify but offered her affidavit instead.[2]  The State objected to the affidavit as hearsay, and the court sustained the objection and subsequently denied relief on all four grounds.

---

[2]  We believe the victim may have declined to be present.  *See* R. 183 (the victim stating in a declaration dated October 17, 2004, "If [this case] goes to a trial I will refuse to go on the stand.").

Beauclair appealed the denial to the Kansas Court of Appeals, which addressed just one ground—that Beauclair had been misinformed about the sentencing range during his plea colloquy and therefore did not enter a knowing plea. *See State v. Beauclair*, No. 91,999, 2005 WL 1805159 (Kan. Ct. App. July 29, 2005). On that ground, the appellate court reversed.

But the Kansas Supreme Court granted review and reversed the Court of Appeals. *See State v. Beauclair*, 130 P.3d 40 (Kan. 2006). It cited an affidavit, provided by the State in opposing Beauclair's motion with the trial court, in which Beauclair's attorney swore that she did inform Beauclair of the correct sentencing ranges before Beauclair pleaded guilty. Further, Beauclair had not one but three attorneys at his sentencing hearing—which occurred shortly after the plea hearing—so all four were present when the trial judge asked about which sentencing range should apply, and neither Beauclair nor any of his counsel raised a problem with applying the range that the judge ultimately adopted. Had Beauclair believed he was going to receive a lesser sentence, suggested the court, he would have said something then. Instead, his silence supported his counsel's affidavit. Therefore, the Kansas Supreme Court concluded that the trial judge did not abuse his discretion in denying Beauclair's motion to withdraw the plea on this ground. The court then remanded to the Kansas Court of Appeals to address the remaining grounds.

On remand, the Kansas Court of Appeals affirmed the trial court on the other three grounds. *State v. Beauclair*, No. 91,999, 2006 WL 3409225 (Kan. Ct. App. Nov. 22, 2006). It found no abuse of discretion in the trial court's decision to disregard the victim's affidavit because Beauclair had "waived the right to confront his accusers" by pleading no contest, and, in any event, "the recantation affidavit would be looked upon 'with the utmost suspicion.'" *Id.* at *2 (quoting *State v. Bryant*, 607 P.2d 66, 71 (Kan. 1980)) (internal quotation marks omitted). And although, as the court acknowledged, the trial judge had not received a factual basis for the plea before accepting it, the trial judge did receive the factual basis later that same day and then confirmed Beauclair's understanding of those facts. So the court concluded that any error was harmless.

As for Beauclair's claim that he was not mentally competent to give a knowing and voluntary plea, the court explained that the Larned Correctional Mental Health Facility had reviewed Beauclair's mental health as part of the presentencing process and had "recommended his case proceed without any consideration of clinical issues" because "there were no symptoms of any major psychiatric disorder." *Id.* Besides, noted the court, "neither Beauclair nor his attorney did anything to raise questions concerning the voluntariness of the plea." *Id.* Thus, it concluded the trial court did not abuse its discretion in denying relief on this ground either. Afterwards, the Kansas Supreme Court summarily denied Beauclair's petition for review.

Beauclair then sought habeas relief in federal court, but the court dismissed the petition without prejudice for failure to exhaust state remedies. *See Beauclair v. Roberts*, No. 07-311-SAC, 2007 WL 3054182 (D. Kan. Oct. 18, 2007).

Beauclair next filed a second motion to withdraw his plea *pro se*, raising the previously unexhausted grounds for relief. The trial court summarily denied the motion, and the Kansas Court of Appeals affirmed. *Beauclair*, 2010 WL 596992. The appellate court noted that under Kansas law, the trial judge was not required to entertain a second motion to withdraw the plea, except on the basis that prior counsel was ineffective. And though Beauclair did claim that his attorney was ineffective for failing to present the victim at the evidentiary hearing on his first motion, the court observed that Beauclair had failed to raise this specific claim with the lower court, even though he did raise four other claims of error concerning the victim's recantation. Thus, the court concluded that, under Kansas law, it could not consider the claim. In the alternative, the court reiterated its position from Beauclair's prior appeal that a recantation is "generally viewed with suspicion" anyway, and that Beauclair's prior admissions of guilt "to multiple individuals" made the victim's recantation especially "suspect." *Id.* at *6.

Subsequently, Beauclair filed his second habeas petition in federal court, raising what he labeled as twenty-seven grounds for relief. The district court found that eleven of Beauclair's grounds were procedurally defaulted in state

court, and because Beauclair failed to show cause and prejudice or a fundamental miscarriage of justice, federal habeas review was barred. *See Beauclair v. Goddard*, No. 10-3128-SAC, 2013 WL 537605, at *5–6 (D. Kan. Feb. 12, 2013). Another eleven of his grounds were not exhausted in state court, and the district court concluded that they too were procedurally defaulted. *See id.* at *6 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). The court then rejected on the merits the remaining five grounds, which the court characterized as really three grounds: (1) that Beauclair's plea was not knowing because the judge cited the incorrect sentencing ranges and did not give him probation as the prosecution allegedly had promised; (2) that the trial court accepted his plea without first adducing its factual basis; and (3) he was actually innocent.

The court rejected the first ground because its review of the record confirmed that no reasonable jurist would dispute the state court's factual findings—namely, that Beauclair's counsel advised him of the correct sentencing ranges and of his impending prison time before Beauclair pleaded no contest, and that Beauclair's statements to the judge during the plea colloquy showed he was aware of the possible sentences. The court rejected the second ground because Beauclair did not claim factual innocence when he pleaded no contest, and "courts are constitutionally required to establish the factual basis of the plea only if the defendant claims factual innocence when he pleads guilty." *Id.* at *10 (quoting *Washington v. Workman*, 376 F. App'x 823, 825 (10th Cir. 2010)).

-7-

Moreover, the court observed that Beauclair heard the factual basis for his plea shortly after giving his plea and then was asked, "By your plea of no contest, you are not challenging or, in effect, you are admitting that those facts happened," to which he responded, "Yes, sir." *Id.* (quoting the state record).

As for the actual-innocence claim, the court noted that Beauclair "admitted his guilt . . . on multiple occasions—to two therapists on separate occasions, and to the court at the sentencing hearing." *Id.* at *12. And his "belated assertion of innocence is particularly suspect when . . . it contradicts [his] earlier confessions." *Id.* The district court also found the victim's affidavit "not reliable." *Id.* The court concluded, "[Beauclair's] claim of actual innocence fails to open the gate for [a federal court] to reach his otherwise defaulted constitutional claims, and fails to provide a stand-alone basis for granting of the writ of habeas corpus." *Id.* at *13. It also denied Beauclair's request for a COA.

Beauclair now seeks a COA from our court.

## II. Analysis

We grant a COA only if an applicant shows "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (internal quotation marks omitted).

But the issues Beauclair presents are not "adequate to deserve encouragement to proceed further." No reasonable jurist could debate the district court's findings of procedural default for twenty-two claims[3] and its denial on the merits for the remaining five.

Beauclair's arguments to the contrary are not persuasive. On procedural default, he says the district court's finding was in error because the state procedural bar was misapplied. But "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Beauclair also says the state rule was not independent of federal law and was not evenly applied. But Kansas law *does* independently determine under what circumstances a second motion to withdraw a

---

[3] There may be one exception. The district court found that Beauclair's claim of mental incompetence (Ground #9 before the district court) was not exhausted in state court. But it would appear from the Kansas Court of Appeals decision of February 12, 2010 (available at 2010 WL 596992) that Beauclair's claim of mental incompetence was in fact exhausted. Thus, the district court may have erred in concluding otherwise. We say "may have" because Beauclair did not attach a copy of his Kansas Supreme Court petition to his federal habeas petition, so we cannot determine whether he did in fact exhaust state court review of this specific claim.

But we need not decide whether it was exhausted, because the district court could not have granted habeas relief anyway. As summarized above, the Kansas Court of Appeals cited a mental health facility's approval of Beauclair's competence to participate in his defense. Beauclair alleges he was actually medicated and psychologically unstable at the time, but he does not present any evidence to support his assertions or to contradict the Kansas court's finding. Thus, no federal court could say that the court's denial of the claim was "an unreasonable determination of the facts," as is required to grant habeas relief here. 28 U.S.C. § 2254(d)(2).

plea may be heard, *see, e.g.*, Kan. Stat. Ann. § 60-1507(c) (West 2013); *see also State v. Jackson*, 874 P.2d 1138, 1141 (Kan. 1994); no question of federal law must be answered to determine whether Kansas's bar applies. And Beauclair has produced no evidence of selective application—all of his examples either come from other jurisdictions or are distinguishable on their facts (*e.g.*, when, unlike Beauclair, a defendant does present sufficient evidence to justify an evidentiary hearing on the second motion). Nor has Beauclair demonstrated cause and prejudice to overcome the procedural bar.

As for the five grounds the district court addressed on the merits (after distilling them down to three), Beauclair challenges only the court's treatment of the first (*i.e.*, the trial court's denial of probation and incorrect recitation of the sentencing ranges at the plea hearing) and the third (*i.e.*, Beauclair's actual-innocence claim). But, in light of the deference owed to the state court decisions on each ground, no reasonable jurist would disagree with the district court's conclusions. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for [a] COA.").

For the first claim addressed by the district court, Beauclair says the trial judge violated *Boykin v. Alabama*, 395 U.S. 238 (1969), in failing to inform him of the correct sentencing ranges at the time of the plea. But *Boykin* does not require that exact procedure—it requires only that the plea is knowing and

voluntary. *See id.* at 242–44. And the state courts' conclusion from the record that Beauclair was in fact informed of the correct range was not "an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

For the second claim, Beauclair makes no argument, so we consider that claim forfeited. *Cf. Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011).

And for the third claim, Beauclair argues that the victim's recantation proves his innocence and that he did not admit to the charges by his no-contest plea. But the record directly contradicts Beauclair—he did admit to the factual basis for his plea—and the victim's recantation is no help in light of Beauclair's repeated confessions to the crime before and after entering his plea. *See, e.g.*, R. 341–42 (quoting Beauclair at the sentencing hearing: "'I would like to apologize to [the victim] . . . for what I did with [her]. I know it was horribly wrong now. . . . I was to be the adult and, more importantly, your dad, and somewhere along the line I forgot that. I am sorry for messing everything up for you.'"). The district court could not say, as it must in order to grant habeas relief, that "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents," or that the decision is based on an unreasonable determination of the facts. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *see also* 28 U.S.C. § 2254(d).

-11-

Last, Beauclair requests an evidentiary hearing.  Assuming Beauclair has been diligent in developing the factual bases for his claims, he "is entitled to an evidentiary hearing . . . so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Littlejohn v. Trammell*, 704 F.3d 817, 857–58 (10th Cir. 2013).  But even if all his allegations were true, Beauclair would not be entitled to relief.  As summarized at length above, the Kansas courts and the district court below already explained how the existing factual record contravenes those claims.[4]

## III.  Conclusion

Accordingly, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we DENY Beauclair's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[4]  Beauclair also raises a new argument about judicial estoppel based on two purportedly inconsistent positions taken by the State between Beauclair's first federal habeas petition and his second motion to withdraw the plea.  But he failed to raise this argument in state court, so he is not entitled to federal habeas review. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).  Besides, the claim is without merit.  The State's two positions were not inconsistent: before the federal district court, the State said Beauclair's claims were not exhausted as required by federal law, and before the state court, the State said his claims were procedurally barred under state law.  Thus, judicial estoppel would not apply. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (requiring clear inconsistency for estoppel).