FILED
United States Court of Appeals
Tenth Circuit

December 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL W. WOOD,

      Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Director,

      Respondent - Appellee.

No. 17-6052
D.C. No. 5:13-CV-00628-M
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.

Petitioner Michael W. Wood is an Oklahoma state prisoner who pleaded

guilty to first degree murder and was sentenced to life imprisonment without the

possibility of parole. In 2013, Wood filed a federal application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. The district court's disposition of the

habeas petition was reversed on appeal and the matter remanded to the district

court. *Wood v. McCollum*, 833 F.3d 1272 (10th Cir. 2016) (directing the district

court to vacate its judgment and dispose of Wood's petition in a manner

consistent with *Moore v. Schoeman*, 288 F.3d 1231 (10th Cir. 2002)).

On remand, Wood moved to amend his habeas petition to delete his

unexhausted claim, leaving the following six claims: (1) the guilty plea was

involuntary because the district court failed to establish on the record that he was competent to plead guilty; (2) the guilty plea was unknowing or involuntary because he misunderstood the potential term of imprisonment; (3) the guilty plea was not supported by an adequate factual basis; (4) counsel was constitutionally ineffective in failing to investigate his mental state, failing to call witnesses, and exclusively relying on Wood's hearing testimony to support his motions to withdraw the guilty plea; (5) the cumulative errors deprived him of a fair hearing and due process of law; and (6) counsel was constitutionally ineffective by affirmatively misrepresenting the sentence he would receive if he pleaded guilty. The matter was referred to a magistrate judge who prepared a comprehensive, fifty-two-page Report and Recommendation. Wood filed written objections to the Report and Recommendation.

The district court considered Wood's objections but adopted the conclusions in the Report and Recommendation, granting the motion to amend and denying relief on the remaining six claims. As to Wood's third claim, in which he asserted that an adequate factual basis to support his plea was never established, the district court concluded the claim did not involve a federal constitutional question.[1] *See North Carolina v. Alford*, 400 U.S. 25, 37-38

---

[1]Even if Wood's § 2254 petition could be construed to raise a substantive, rather than procedural, claim relating to the factual basis of his guilty plea, he is not entitled to a certificate of appealability. The OCCA determined a sufficient

(continued...)

(1970); *Washington v. Workman*, 376 F. App'x 823, 824-25 (10th Cir. 2010) (unpublished disposition) ("[C]ourts are constitutionally required to establish the factual basis of the plea only if the defendant claims factual innocence when he pleads guilty."). The district court addressed Wood's sixth claim, which raised an issue under *Hill v. Lockhart*, 474 U.S. 52 (1985), on the merits because it was not presented to the OCCA in Wood's direct appeal. *See* 28 U.S.C. § 2254(b)(2) (providing federal courts can deny unexhausted habeas claims on the merits). The court denied relief on the claim, concluding Wood had not met his burden under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984). Because Wood's remaining claims (i.e., claims 1, 2, 4, and 5) were all addressed by the Oklahoma Court of Criminal Appeals ("OCCA") in Wood's direct appeal, the court applied the standard set out in the Antiterrorism and Effective Death Penalty Act. It concluded the OCCA's adjudication of the four remaining claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

Proceeding *pro se*, Wood seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254

---

[1](...continued)
factual basis existed for Wood's plea. Reasonable jurists could not debate whether the OCCA's ruling is contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

-3-

habeas petition.[2]  *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).  This court cannot grant Wood a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  In evaluating whether Wood has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  Wood is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.*  (quotations omitted).

This court has reviewed Wood's application for a COA and appellate brief, the Report and Recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Wood is not entitled to a COA.  The district court's resolution of Wood's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

---

[2]Wood's motion to proceed in forma pauperis is **granted**.

Because Wood has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Accordingly, this court **denies** Wood's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge